# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 30, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DAWNA MICHELLE COX, | * | No. 18-1531V |
| *Administratrix for the estate of* | * | |
| DAVID CARROLL COX, | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; |
| AND HUMAN SERVICES, | * | Hepatitis B Vaccine; Motor Neuron |
| | * | Disease; Amyotrophic Lateral Sclerosis |
| Respondent. | * | ("ALS"); Death |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Cole T. Tomlinson*, The Law Offices of Cole T. Tomlinson, Shelbyville, KY, for Petitioner.
*Colleen C. Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On October 3, 2018, Dawna Cox ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that the decedent, David Cox, suffered motor neuron disease, Amyotrophic Lateral Sclerosis ("ALS"), and death due to Hepatitis B vaccinations administered on January 14, 2016 and February 16, 2016. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On April 19, 2021, Petitioner filed a motion for a decision dismissing her petition. ECF No. 75. In her motion, Petitioner stated that "[a]n investigation of the supporting facts and science has demonstrated to . . . Petitioner that [she] will be unable to prove that [she] is entitled to compensation in the Vaccine Program." *Id.* ¶ 1. She continued, "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[R]espondent, and the Vaccine Program." *Id.* ¶ 2. Respondent had no objection to Petitioner's motion. *Id.* ¶ 4.

To receive compensation under the Program, Petitioner must prove either (1) that the decedent suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that the decedent suffered a "Table Injury." Further, the record does not contain persuasive evidence that the decedent's alleged injuries were caused by the Hepatitis B vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.